**FILED**
**U.S. District Court**
**District of Kansas**
03/30/2026

**Clerk, U.S. District Court**
**By:** _JAL_ **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE JOSEPH AICH,

    **Plaintiff,**

    v.                                  CASE NO. 26-3072-JWL

STATE OF KANSAS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil action. Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas. Plaintiff claims that he is bringing this action under the False Claims Act. (Doc. 1, at 1.) Plaintiff names the State of Kansas as the sole defendant.

Plaintiff has filed a motion for leave to proceed in forma pauperis. (Doc. 2.) The Court finds that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] Prior to filing the instant Complaint, the Court finds at least 3 prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Aich v. Reno Cnty. Corr. Facility*, Case No. 25-3235-JWL, Doc. 7 (D. Kan. Jan. 23, 2026) (dismissed for failure to state a claim); *Aich v. Reno Cnty. Corr. Facility*, Case No. 25-3248-JWL, Doc. 6 (D. Kan. Dec. 22, 2025) (dismissed for failure to state a claim); *Aich, et al. v. Reno Cnty. Corr. Facility*, Case No. 25-3249-JWL, Doc. 7 (D. Kan. Dec. 22, 2025) (dismissed for failure to state a claim); and *Aich v. Reno Cnty. Corr. Facility*, Case No. 25-3255-JWL, Doc. 7 (D. Kan. Dec. 12, 2025) (dismissed for failure to state a claim).

1

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

The Court also finds that Plaintiff's Complaint appears to be frivolous. He merely states that he is bringing this action under the False Claims Act ("FCA"), and then attaches filings from his state court criminal cases. He names the State of Kansas as the sole defendant. The FCA "is

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

to enhance the Government's ability to recover losses sustained as a result of fraud against the Government." *Payne v. Att'y Gen. of Massachusetts*, 2012 WL 2580183, at \*2 (D. Kan. July 3, 2012) (quoting *Ridenour v. Kaiser-Hill Co., LLC*, 397 F.3d 925, 930 (10th Cir. 2005) (citing S. Rep. No. 99–345, at 1 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5266), *cert. denied*, 546 U.S. 816 (2005)).  Plaintiff has not alleged a fraud against the Government and the State and its agencies are not subject to liability under the Act.  *Id*.; *see also Ekeh v. Budget Truck Rental LLC*, 2025 WL 2799995, at \*1 (D. Kan. 2025) ("To the extent he brings a civil claim under the False Claims Act, none of his claims involve false claims against the United States.").

Plaintiff includes with his Complaint a letter to the Clerk indicating that he has not been provided with all the forms he has requested.  (Doc. 1–1, at 1.)  He also requests 16 civil cover sheets.  *Id*.  The Clerk previously provided Plaintiff with a list of forms available from the Court and explained that the Court does not have a form for every potential cause of action.  The Court's forms are available upon request from the Clerk's office and are also available on the Court's website at ksd.suocurts.gov.  If Plaintiff is seeking a form from the list of available forms, he should make a request for that particular form or obtain the form from the Court's website.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 30, 2026,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff 16 civil cover sheets.

3

**IT IS SO ORDERED**.

**Dated March 30, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**